CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 24 2011
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MARKETTA D. JONES,** <br> Plaintiff, | Civil Action No. 7:11-cv-00237 |
| v. | **MEMORANDUM OPINION** |
| **DR. BILL MCDONALD,** <br> Defendant. | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Marketta D. Jones, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as the sole defendant Dr. Bill McDonald, who provides medical care at the Fluvanna Correctional Center ("Prison"). This matter is before me for screening, pursuant to 28 U.S.C. §§ 1915 and 1915A because plaintiff filed financial documents to request leave to proceed in forma pauperis. After reviewing plaintiff's submissions, I dismiss the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts. Plaintiff fractured her left foot, which subsequently was placed in a medical cast. While Dr. McDonald removed the cast, he "made a deep cut in [her] leg which has left a scar." The cut later developed a staph infection.

While she was wearing a cast, plaintiff sat in a wheelchair for more than three months. However, she did not receive any physical therapy because the Prison does not offer any physical therapy program and did not want to send her outside the Prison for therapy. Her muscles became atrophied, and she is permanently disabled because she walks with a limp, drags her left foot, cannot walk heel-to-toe, cannot climb stairs, cannot stand for long periods of time, and cannot walk very far. Plaintiff requests as relief $150,000.00 in damages and an injunction to

receive ongoing medical care for her legs.

## II.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although I liberally construe pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act

as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of the complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). A plaintiff must show that a defendant acted with deliberate indifference to a serious medical need in order to state a claim under the Eighth Amendment for insufficient medical assistance. Estelle v. Gamble, 429 U.S. 97, 104 (1976). In order to show deliberate indifference, a public official must have been personally aware of facts indicating a substantial risk of serious harm, and the official must have actually recognized the existence of such a risk. Farmer v. Brennan, 511 U.S. 825, 838 (1994). However, claims of medical malpractice and negligent diagnosis are not cognizable in a § 1983 proceeding. Id. See Sosebee v. Murphy, 797 F.2d 179, 181 (4th Cir. 1986); Johnson v. Quinones, 145 F.3d 164, 168-69 (4th Cir. 1998) (noting that treating doctors must actually draw the inference that an inmate's symptoms signify the presence of a particular condition and that a failure to draw such an inference may present a claim for negligence, but not a claim under the Eighth Amendment).

Plaintiff fails to establish Dr. McDonald's deliberate indifference for either claim. Plaintiff's only allegation against Dr. McDonald in the first claim is that he cut her leg while removing her cast. This present accusation raises a question of negligence and not an Eighth

3

Amendment violation. Furthermore, plaintiff fails to describe Dr. McDonald's involvement about the lack of physical therapy, and, thus, plaintiff fails to establish how he was deliberately indifferent. Although I grant plaintiff leave to proceed in forma pauperis, I dismiss the complaint without prejudice for failing to state an Eighth Amendment claim upon which relief may be granted.

III.

For the foregoing reasons, I grant plaintiff leave to proceed in forma pauperis and dismiss her complaint without prejudice for failing to state a claim upon which relief may be granted.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 24th day of May, 2011.

Senior United States District Judge